T.C. Memo. 2012-311

UNITED STATES TAX COURT

CHARLES L. HARTLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27913-11.                          Filed November 6, 2012.

Charles L. Hartley, pro se.

Lisa DiCerbo, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge: Respondent determined a $2,968 deficiency in petitioner's

2009 Federal income tax. The amount of the deficiency was subsequently

increased in respondent's amendment to answer, filed May 22, 2012. Respondent

now asserts that the deficiency for the taxable year 2009 is $5,268. The issue for

**[*2]** decision is whether petitioner is liable for the section 72(t)(1)[1] 10% additional tax for distributions from qualified retirement plans.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in West Virginia.

Petitioner received distributions totaling $52,684.11 from qualified retirement plans during the taxable year 2009. Petitioner reported this amount as income from pensions and annuities on his 2009 Federal income tax return.

OPINION

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the Commissioner bears the burden of proof with respect to any increase in deficiency. See Rule 142(a)(1). Our conclusion, however, is based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

Petitioner testified that he had the funds distributed from his qualified retirement plans because he was instructed to do so by a family court judge in

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** order to pay alimony to his ex-wife.  Respondent contends that the distribution is subject to the 10% additional tax in section 72(t)(1) and that petitioner did not satisfy any of the exceptions in section 72(t)(2).

Section 72(t)(1) provides for an additional tax where a person withdraws money from a qualified retirement plan.

> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Exceptions to this rule are found in section 72(t)(2).  Petitioner has not identified any exception applicable to this case, nor have we.  Regarding petitioner's contention that he used the qualified retirement plan distributions to pay for court-ordered alimony, section 72(t)(2)(C) provides:

> (C) Payments to alternate payees pursuant to qualified domestic relations orders.--Any distribution to an alternate payee pursuant to a qualified domestic relations order (within the meaning of section 414(p)(1)).

To qualify for the section 72(t)(2)(C) exception the distribution must be made by the plan administrator to an alternate payee in response to a qualified domestic relations order (QDRO).  Bougas v. Commissioner, T.C. Memo. 2003-194, 2003 Tax Ct. Memo LEXIS 194, at *6.  Section 414(p)(8) defines "alternate payee" as

**[*4]** "any spouse, former spouse, child or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect to such participant." A QDRO was never prepared with respect to petitioner's qualified retirement plans. Furthermore, the distributions were made to petitioner and not to an alternate payee. As a result, the distributions do not satisfy the QDRO exception of section 72(t)(2)(C). Petitioner also has not satisfied any of the other exceptions of section 72(t)(2). Accordingly, we hold that the $52,684.11 of distributions from petitioner's qualified retirement plans is subject to the section 72(t) additional tax.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.